**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RENEE FORD**                                                                                            **PLAINTIFF**

**VS.                             CASE NO. 4:15CV00614 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
   Social Security Administration                                               DEFENDANT**

**ORDER**

Plaintiff Renee Ford[1] ("Ford"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge ("ALJ") erred when he (1) improperly dismissed Ford's first claim for DIB; (2) failed to find her anxiety and migraine headaches were severe impairments: (3) failed to find she met Listing 1.04A; (4) erred in determining her residual functional capacity ("RFC"); and (5) erred in assessing her credibility. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on November 7, 2013. (Tr. 30-52). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g). We find merit in one of the arguments[2]. Specifically, Ford is correct that the ALJ

---

[1] The complaint was filed listing Renee Brown-Ford as the plaintiff, but plaintiff's counsel has since denoted the plaintiff as Renee Ford.

[2] Although we find merit in the second argument advanced by Ford, it follows from our decision that

1

erred in failing to find her migraine headaches to be a severe impairment. The case must be remanded for further proceedings.

**Failure to find Migraine Headaches a Severe Impairment:**

At Step 2, the ALJ found Ford had the severe impairments of degenerative disc disease and disorder of the left foot. The ALJ specifically cited the following medically determinable impairments and deemed them non-severe: hearing loss in the left ear, congenital heart disease, and depressive and anxiety disorders. (Tr. 17). The ALJ did not mention migraine headaches in his Step 2 analysis. Elsewhere in his Decision, the ALJ noted Ford's assertion of migraine headaches three to four times a week. (Tr. 20).

Ford urges the ALJ should have found her migraine headaches to be a severe impairment, and she cites her testimony as well as the medical records from treating physician David Oberlander ("Oberlander"), from the Chambers Memorial Hospital Clinic ("CMHC"), and from the Dardanelle Women's Clinic to support her claim. A review of these records follows:

| | |
|---|---|
| May 13, 2011 | CMHC diagnoses Ford with headaches. (Tr. 515). |
| June 11, 2012 | CMHC diagnoses Ford with migraine headaches. (Tr. 496). |
| August 10, 2012 | CMHC diagnoses Ford with headaches. (Tr. 483). |
| December 19, 2012 | Oberlander, a neurologist, describes Ford's chief complaint as "neck pain with headaches," noting she alleges "episodic migraine type headaches with profound irritability to bright lights and loud noises. . ." Oberlander assesses Ford to have a relevant neurological history of migraine headaches with very strong discogenic nature with severe |

---

Ford's RFC will need to be revisited on remand.

|  |  |
|---|---|
|  | neck pain. Oberlander prescribes Mobic, Soma, Tylenol #3, and Phenergan. (Tr. 553-555). |
| December 22, 2012 | Ford cites the medical record from this visit to the Dardanelle Women's Clinic to support her argument, but this document is largely illegible. The report appears to document that Ford had a history of a cervical laminectomy and suffers from persistent neck pain, and that she sees Oberlander for pain management. (Tr. 564). |
| August 22, 2013 | Oberlander sees Ford, again noting the chief complaint of neck pain with headaches and a history of migraine headaches. (Tr. 582-583). |
| October 30, 2013 | Ford underwent left foot surgery, and her migraines were noted by the surgeon. (Tr. 635). In addition, notes from the Dardanelle Women's Clinic reflect a diagnosis of migraines on September 27 and October 25, 2013. (Tr. 632). |
| November 13, 2013 | Ford is seen by Oberlander, who again lists her chief complaint to be neck pain and headaches, and notes her history of migraine headaches. (Tr. 641). |

A severe impairment is one that is more than slight and which affects a claimant's ability to do his or her basic work activities. *Householder v. Bowen*, 861 F.2d 191 (8th Cir. 1988). Ford's testimony of recent migraine headaches three to four times a week, one of which lasted two days, with vision problems and vomiting, satisfies the definition of a severe impairment, if the testimony is believed. A key feature supporting our decision is the corroborating medical notes from treating physicians establishing a longstanding diagnosis and treatment for migraine headaches.

Colvin argues substantial evidence supports the ALJ's treatment of the migraines because Oberlander characterized Ford's headaches as "episodic," there was an absence of medical findings of functional limitations, and Ford never sought emergency treatment for her migraines. We find these arguments unpersuasive.

Colvin does not explain why Oberlander's designation of Ford's migraines to be "episodic" supports a finding that the impairment is non-severe. In the absence of any definition for "episodic," we find the conclusion is not necessarily warranted based upon the term.[3] Colvin's citation of *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007), does not control our decision, as the *Kirby* case sheds no light on whether migraines which are episodic amount to a non-severe impairment.

Colvin also urges the ALJ was correct because there were no medical findings of functional limitations. While it is accurate that Oberlander's treatment notes did not specify limitations from the migraine headaches, he references Ford's "profound irritability to bright lights and loud noises," and his plan of treatment included strong medications, prompting him to warn Ford about their habit forming nature and cautioning her not to drive after taking the medications or when tired. These statements suggest some functional limitations exist, and the parameters of the limitations may be explored on remand.[4]

---

[3] Some published physicians define episodic migraines as from 1-14 per month, while chronic migraines are 15 or more headache days per month. *See* http://www.medscape.org/viewarticle/808288_transcript, "Episodic vs. Chronic Migraine: Know the Difference to Loosen the Vise."

[4] Oberlander executed a medical source statement about Ford's ability to perform *physical* work-related activities. (Tr. 585-588). While this statement does not address neurological issues, Oberlander does opine that Ford could stand and/or walk for less than 2 hours in a work day, and that she could sit for less than 6 hours in a work day. Both of these opinions are at odds with the ALJ's finding that Ford can perform the full range of sedentary work.

Finally, Colvin argues that Ford's failure to seek emergency treatment for migraine headaches supports the ALJ's finding of a non-severe impairment. We reject this argument. Emergency treatment is not a prerequisite to establishing a severe impairment, particularly when Ford was consistently diagnosed with migraine headaches by her treating physicians.

In summary, the ALJ failed to address Ford's migraine headaches at Step 2. We remand for further proceedings consistent with this Order.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 5th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE